## MONTANA LUMBER AND MANUFACTURING COM-
PANY, Respondent, *v.* GERHOLD et al.,
Appellants.

[Submitted February 24, 1896. Decided March 2, 1896.]

Fraudulent Conveyance—*Cancellation of deed—Findings.*—In an action by a judg-
ment creditor to have deeds of his judgment debtor, conveying his property to a third
person, canceled as fraudulent, a finding by the jury that the debtor had sufficient
property at the time or since the making of the deeds, out of which plaintiff could
have collected his account, is wholly indefinite in failing to state any particular time
or date at which the debtor had sufficient property to satisfy the execution, and there-
fore, where the jury had also found that the conveyances were fraudulent, it was
proper for the trial court to set aside a general verdict for the defendants and direct
a judgment for the plaintiff.

*Appeal from First Judicial District, Lewis and Clarke
County.*

Action to have deeds canceled as fraudulent. The cause
was tried before Blake, J., who directed a judgment for
plaintiff. Affirmed.

Statement of the case by the justice delivering the opinion.

On the 29th day of August, 1892, the plaintiff herein
recovered a judgment against the defendant, Jacob Gerhold,
for $541.70 and costs. An execution was issued, and returned
by the sheriff wholly unsatisfied. On the 15th of July, 1891,
defendant Gerhold was the owner of certain real estate, par-
ticularly described in the pleadings. On that day Gerhold,
with the intent to cheat and defraud his creditors, and espe-
cially this plaintiff, executed and delivered to the defendant,
A. Schmid, deeds to the said premises. Schmid received and
recorded the deeds, well knowing the fraud intended. The
debt of Gerhold to plaintiff was an existing indebtedness at
the time of this alleged fraudulent transfer to Schmid. All
of these alleged facts are set forth in the complaint in this
action. The complaint further states that Gerhold has no
property known to plaintiff, except the real estate mentioned,

out of which the judgment can be satisfied.    Upon these facts the plaintiff prays that the deeds to Schmid may be declared fraudulent and void, and that they be canceled.    The case was tried with the aid of a jury.

Among other instructions, the court gave the following : "If you believe from the evidence that at the time the plaintiff commenced its action against J. Gerhold, to-wit, on June 8, 1892, when it attached certain property of Gerhold, and when the plaintiff reduced this action to judgment on August 29, 1892, that Gerhold had property subject to execution sufficient to satisfy the claim against Gerhold, then you need not proceed any further, but you should find for the defendants Schmid, because, before the plaintiff can recover in this action, it must show Gerhold had not property subject to execution sufficient to satisfy said claim."

The jury found a general verdict in favor of defendants Schmid. They also made the following special findings:

"(1.) Were the deeds in the complaint described executed by Jacob Gerhold to A. Schmid with the intent to cheat and defraud his creditors? Answer. Yes.

"(2.) If you answer the first special finding in the affirmative, did said Schmid have any knowledge of any fraudulent intent upon the part of said Gerhold in executing said deeds? A. Yes.

"(3.) Was any consideration paid by said Schmid to said Gerhold for the property in said deeds described, and, if so, what was the amount thereof? A. No.

"(4.) What sum, if any, was due from said Gerhold to the plaintiff upon any account of plaintiff at the time said deeds were executed by said Gerhold to said Schmid? A. Four hundred fifty-five 02-100 dollars (455.02).

"(5.) Was Jacob Gerhold, at the time or since the making of said deeds to said Schmid, the owner of sufficient property subject to execution, and out of which the plaintiff could, with the exercise of reasonable diligence, have collected said part of said account of plaintiff against said Gerhold? A. Yes.

"(6.)  What was the amount of the mortgage or incum-
brance, if any, upon the property described in the complaint
at the time said deeds were executed which the said Schmid
paid or assumed the payment of?  A.  Eight hundred and
sixty-five dollars ($865.00)."

These findings were all adopted by the court.  The court
thereupon set aside the general verdict as being inconsistent
with the special findings, and rendered judgment in favor of
the plaintiff to the effect that said deeds were fraudulent as
against the plaintiff, and that they be set aside, and the prop-
erty sold to satisfy plaintiff's judgment described in the com-
plaint.  Defendants, A. Schmid and Sarah A., his wife, appeal
from the judgment.  No evidence is brought up.  It is not
claimed that the findings are unsustained.

*C. W. Fleischer* and *F. N. & S. H. McIntire,* for Ap-
pellants.

The trial court erred in rendering judgments against de-
fendants Schmid, the transferees of Gerhold, in view of the
finding that Gerhold was the owner of sufficient other property,
subject to execution, out of which plaintiff could have col-
lected its execution.  It is not every transfer of property made
by a debtor, even though made without consideration or other-
wise fraudulently, that a creditor can assail.  So long as such
transfer does not deprive the debtor of the means of satisfying
his creditor's claim, the creditor has no ground for complaint.
"No person can complain in equity of the fraudulent practices
of another, unless he has been injured by such practices."
(Wait on Fraud. Con. and Creditors' Bills, §§ 140, 143, 296;
2 Boone's Pleadings, p. 132, note 4; Freeman on Executions
(1st Ed.), § 426; 2 Estee's Pleadings, § 2571; *Massey* v.
*Gorton,* 90 Am. Dec. note on p. 298; *Emery* v. *Yount,* 7
Col. 107; *Harris v. Taylor,* 15 Cal. 348; *Castle* v. *Bader,*
23 Cal. 78; *Patterson* v. *Donner,* 48 Cal. 369; *Wagner* v.
*Law* (Wash.), 28 Pac. 1113; *Hamilton Brown Shoe Co.* v.
*Adams* (Wash.), 32 Pac. 93; *Botcher* v. *Berry,* 6 Mont. 451;
*Taylor* v. *Johnson* (Ind.), 15 N. E. 238; *Sell* v. *Bailey* (Ind.),

21 N. E. 338; *Kain* v. *Larkin* (N. Y.), 30 N. E. 106; *Platt* v. *Schreyer*, 25 Fed., note on page 87; *Buckeye Engine Co.* v. *Donau Brewing Co.*, 47 Fed. 6; *Kittel* v. *Augusta T. & G. R. Co.*, 65 Fed. 862-3; *Bassett* v. *Orr*, 7 Bissell 301; *Christopher* v. *Christopher* (Md.), 3 Atl. 296-299; *Dunham* v. *Cox*, 10 N. J. Eq. 467; *Noble* v. *Hines*, 72 Ind. 15; *Hogan* v. *Robinson*, 94 Ind. 145.)

*Walsh & Newman*, for Respondent.

The fifth finding is that Gerhold had property at the time *or since* the execution of the conveyances. It cannot be ascertained from the finding whether or not he had other property at the time the conveyances were executed. Neither can it be ascertained that he had property since, and if he had property since at what time he had it. It cannot be said, from this finding, that he had property at the time this suit was commenced, or that he now has property. It is so uncertain and ambiguous that, if it stood alone, a judgment could not be predicated upon it. It is not aided by any other finding of the jury. The cases which hold that a conveyance is not fraudulent, if the debtor retains sufficient property to pay his debts, are cases where the conveyance is made in good faith, or where the grantee pays a valuable consideration and has no knowledge of the fraudulent intent of the grantor. But there are no cases which hold that a conveyance will be upheld when there is no consideration and the grantor and grantee both participate in the fraudulent intent to delay, hinder or defraud the creditor of the grantor. In the case at bar, the jury found, as a question of fact, that the conveyances were executed with the intent to defraud Gerhold's creditors, that Schmid had knowledge of that intent and did not pay any consideration for the property. Such a conveyance will not be upheld in equity. Our statute declares that all conveyances made with the intent to hinder, delay or defraud any person shall be void as against such person. (Sec. 229, 5th div. Compiled Statutes.) When a conveyance is executed with a fraudulent intent and the grantee has notice of such intent, the convey-

ance is void, although the grantee may have paid a valuable consideration for the property. (Section 232, 5th div. Compiled Statute; *Snyder* v. *Dangler*, 63 N. W. 20; *Schmick* v. *Noell*, 20 S. W. 1135; Bump on Fraudulent Conveyances, p. 269; *Gibbons* v. *Pemberton*, 59 N. W. 663; *Rounds* v. *Green*, 29 Minn. 139, 12 N. W. 454; *Carter* v. *Coleman*, 2 South. 354; *Carter* v. *O'Bryan*, 16 South. 894.) Under our statute, section 232, page 654, a conveyance is void, even if the grantee paid a valuable consideration, if he knew of the frandulent intent of his grantor, or the fraud which rendered void the title of such grantor. All the authorities sustain the principle of law enacted in our statute. (*Stuart* v. *Smith*, 21 S. W. 1026; *Mixon* v. *Simonds*, 21 S. W. 772; *Reeves* v. *Skipper*, 10 South. 309; *Chaffee* v. *Gill*, 10 South. 361; *Peeler* v. *Peeler*, 14 S. E. 59; *Gillespie* v. *Allen*, 18 S. E. 184; *York* v. *Rockwood*, 31 N. E. 1110; *Dun* v. *Wolfe*, 47 N. W. 887; *Renninger* v. *Spatz*, 18 Atl. 405; *Moore* v. *Williamson*, 15 Atl. 587; *Jones* v. *Light*, 30 Atl. 71; *Hedrick* v. *Strauss*, 60 N. W. 928; *May* v. *State National Bank*, 28 S. W. 431; *Warten* v. *Estees*, 28 S. W. 65.) When the grantee has not paid a consideration, it is not necessary to allege or prove that he had notice of the fraudulent intent of his grantor. (Wait on Fraudulent Conveyances, §§ 200-208; *McKenna* v. *Crowley*, 17 Atl. 354.) In such cases equity treats the property as being the property of the debtor.

De Witt, J.—The argument of the appellants is that, if defendant Gerhold was solvent, and had property, other than the real estate in question, out of which the judgment could have been satisfied, he had the right to convey to Schmid, even without any consideration; in other words, to give the real estate to Schmid.

He calls our attention to the instruction set forth in the statement and to finding No. 5. Appellant's contention is that, pursuant to the instruction mentioned, the jury found that Gerhold had other property out of which the judgment could have been satisfied by execution. But upon an analysis of

finding No. 5 it is observed that the jury did not reach the conclusion that appellant contends for.    The jury did not find that when the plaintiff reduced his claim to judgment on August 29, 1892, Gerhold had any property subject to execution. They found that he had property ''at the time or since the making of said deeds to Schmid.''    This finding, of course, is wholly indefinite.    It does not state that Gerhold had sufficient property subject to execution at any particular time.    It may have been at the time of making the deeds, or at the date of the judgment, or it may have been any day since that time. There is nothing in the finding from which the court could determine that Gerhold was possessed of any property other than the real estate which is the subject of this action, either when the original action was commenced or when the judgment was entered, or when this present action was commenced.

This is the only question raised by the appeal.    The judgment must therefore be affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.

